

# OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

**KWAME RAOUL**
ATTORNEY GENERAL

January 12, 2022

Christopher G. Conway
Clerk of the Court
United States Court of Appeals
  for the Seventh Circuit
219 South Dearborn Street
27th Floor
Chicago, Illinois 60604

      Re:    *Nowlin v. Pritzker*, No. 21-1479

Dear Mr. Conway:

      Pursuant to Federal Rule of Appellate Procedure 28(j), Defendant-Appellee Governor JB Pritzker writes to notify the Court of a recent opinion relevant to the above-captioned appeal: *Elim Romanian Pentecostal Church v. Pritzker*, No. 21-2523 (7th Cir.).* *Elim* supports the Governor's argument for affirmance of the district court's judgment.

      The plaintiffs in *Elim* were two religious organizations that brought suit in 2020 to challenge the provisions in two executive orders that limited their ability to hold in-person worship services during the early days of the COVID-19 pandemic. Slip op. at 1. The district court denied their request for preliminary injunctive relief, this Court affirmed, and the Supreme Court denied certiorari. On remand, plaintiffs sought to proceed with their lawsuit, but the district court dismissed it as moot, explaining that it was "absolutely clear," *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013), that the challenged limitation would not be reimposed. Slip op. at 2. This Court affirmed the district court's judgment. *Id.* at 4. It explained that "[m]ore than 19 months have passed since [the plaintiffs] were last subject to an attendance limit, and the Governor has not suggested that another is likely." *Id.* at 2-3. Accordingly,

---

\* Copies are attached and available at http://media.ca7.uscourts.gov/cgi-bin/rssExec.pl?Submit=Display&Path=Y2022/D01-11/C:21-2523:J:PerCuriam:aut:T:fnOp:N:2818282:S:0.

500 South Second Street, Springfield, Illinois 62701 • (217) 782-1090 • TTY: (877) 844-5461 • Fax: (217) 782-7046
100 West Randolph Street, Chicago, Illinois 60601 • (312) 814-3000 • TTY: (800) 964-3013 • Fax: (312) 814-3806
601 South University Ave., Carbondale, Illinois 62901 • (618) 529-6400 • TTY: (877) 675-9339 • Fax: (618) 529-6416

the Court held, the plaintiffs were not entitled to an injunction, and their damages claims were barred by sovereign immunity and qualified immunity. *Id.* at 3.

As the Governor has explained (AE Br. 24-34), the same is true here. Plaintiffs' damages claims are barred by sovereign immunity, and their Free Exercise Clause claims fail because it is "absolutely clear," *Already*, 568 U.S. at 91, that the challenged limitation—which expired "[m]ore than 19 months" ago, *Elim*, slip op. at 2—will not be reimposed. As in *Elim*, the Court should affirm the judgment below.

> Respectfully submitted,
>
> /s/ Alex Hemmer
> **ALEX HEMMER**
> Deputy Solicitor General
> 100 West Randolph Street
> 12th Floor
> Chicago, Illinois 60601
> (312) 814-5526
> Alex.Hemmer@ilag.gov

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this letter complies with the word limitation set forth in Federal Rule of Appellate Procedure 28(j) in that the body of the letter is 291 words.

/s/ Alex Hemmer
**ALEX HEMMER**
Deputy Solicitor General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-5526
Alex.Hemmer@ilag.gov

January 12, 2022

In the

# United States Court of Appeals
### For the Seventh Circuit

_____

No. 21-2523

ELIM ROMANIAN PENTECOSTAL CHURCH and LOGOS BAPTIST MINISTRIES,

*Plaintiffs-Appellants*,

*v.*

JAY ROBERT PRITZKER, in his official capacity as Governor of Illinois,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 20 C 2782 — **Robert W. Gettleman**, *Judge*.

_____

SUBMITTED JANUARY 10, 2022 — DECIDED JANUARY 11, 2022

_____

Before EASTERBROOK, KANNE, and HAMILTON, *Circuit Judges*.

PER CURIAM. Two churches sued the Governor of Illinois after he issued an executive order limiting to ten the number of persons who could attend any particular religious service during the SARS-CoV-2 pandemic. The district court denied the churches' motion for a preliminary injunction. By the time

the appeal was argued in June 2020, the Governor had rescinded his order and there was no longer any limit on the number of persons who could participate in religious ceremonies. We held that the possibility of restoring the original order, should the pandemic become more serious, meant that the case is not moot, but that the order did not violate the Free Exercise Clause of the First Amendment. *Elim Romanian Pentecostal Church v. Pritzker*, 962 F.3d 341 (7th Cir. 2020).

Plaintiffs asked the district court to issue a permanent injunction notwithstanding our decision. They observed that the Supreme Court recently has made the law more favorable to them by concluding that states must treat religious bodies at least as well as any secular comparator, not just as well as the most similar secular organization. See, e.g., *Tandon v. Newsom*, 141 S. Ct. 1294 (2021); *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63 (2020). The district court did not reach the merits, ruling instead that the litigation is moot. 2021 U.S. Dist. LEXIS 138952 (N.D. Ill. July 26, 2021). The judge expressed confidence that limits on attendance will not be reinstated. The churches have filed a second appeal.

The district court's decision is questionable because it is inconsistent with our opinion, plus the further reason that the Governor continues to say that orders may be amended as the pandemic continues. With the Omicron variant spreading, more people have COVID-19 now than ever before. Trying to predict what executive orders may be adopted in response to which potential changes in the course of the disease is a mug's game and not a firm ground for resolving this case.

Still, it does not follow that plaintiffs are entitled to an injunction. More than 19 months have passed since they were last subject to an attendance limit, and the Governor has not

suggested that another is likely. A legal conclusion that a rescinded order violated the Constitution would not entitle anyone to an injunction. See *Danville Christian Academy, Inc. v. Beshear*, 141 S. Ct. 527 (2020). So we held in *Cassell v. Snyders*, 990 F.3d 539 (7th Cir. 2021), about the very subject now before us—whether churches are entitled to an injunction forbidding the Governor of Illinois to reinstate the sort of capacity limit that was in force for about ten weeks ending in spring 2020. In addition to stressing that an injunction is a discretionary remedy, which new developments may make unnecessary (if not imprudent), we observed that the Governor likely will take account of legal developments when issuing any new orders. A federal court ought to give state officials the respect of predicting that they will accept and follow the Supreme Court's analysis. Just as in *Cassell*, we hold that the district court did not abuse its discretion in turning down plaintiffs' request for injunctive relief.

The complaint requests damages, but that prospect does not keep this case alive. The only defendant is the Governor, in his official capacity. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), holds that 42 U.S.C. §1983, on which this suit is based, does not allow awards of damages against states—and that official-capacity suits against state agents are suits against the states themselves. It follows that damages are unavailable. See also, e.g., *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68–70 (1997).

And if we were to ignore the "official capacity" language that the complaints used to describe Governor Pritzker's status, the churches still could not obtain damages, because the Governor would be entitled to qualified immunity. Recall that the Governor won on the merits on the first appeal, which

makes it impossible to describe as "clearly established" in the spring of 2020 a rule that a capacity limit on religious services during a pandemic violates the Constitution. *Roman Catholic Diocese of Brooklyn* was not decided until November 25, 2020, six months after the Governor rescinded the order imposing capacity limits on in-person religious events, and *Tandon*, decided on April 9, 2021, shows that there were (and are) still debatable issues about how public officials may regulate religious gatherings during a pandemic.

If Illinois imposes an objectionable order in response to new developments in the pandemic, the churches may file a new suit. But this suit is over.

AFFIRMED

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on January 12, 2022, I electronically filed the foregoing letter with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Alex Hemmer
**ALEX HEMMER**
Deputy Solicitor General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-5526
Alex.Hemmer@ilag.gov